UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
SHELDON LEFTENANT,

                    Petitioner,

                                              ORDER
          -against-                          20-CV-0436(JS)

THE ATTORNEY GENERAL OF THE STATE
OF NEW YORK,

                    Respondent.
---------------------------------------X
APPEARANCES
For Petitioner:     Sheldon Leftenant, pro se
                    16A1249
                    Clinton Correctional Facility
                    P.O. Box 2001
                    Dannemora, New York 12929

For Respondent:     Marion M. Tang, Esq.
                    District Attorney's Office, Suffolk County
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, New York 11901

SEYBERT, District Judge:

          Currently before the Court is petitioner Sheldon
Leftenant's ("Petitioner") motion (1) to stay this habeas corpus
proceeding to pursue a state court claim of ineffective assistance
of appellate counsel by way of a coram nobis petition to the
Appellate Division of the New York State Supreme Court and (2) to
amend his Petition to include unexhausted claims of ineffective
appellate counsel.  (Mot., D.E. 12, at ECF p. 3.)  Petitioner
argues that appellate counsel was ineffective for failing to raise
arguments regarding the sufficiency of the evidence pursuant to
CPL § 470.15(4)(b) and that the trial court should have suppressed

certain statements on confrontation grounds.  (Pet. Aff., D.E. 12, at ECF pp. 5-6, ¶ 2.)  Petitioner also requests an extension of time to file a reply in support of his Petition.  (Extension Req., D.E. 11.)  Respondent opposes the stay request.  (Resp. Opp., D.E. 13.)

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court approved the district courts' "limited" use of the "stay-and-abeyance procedure described by the Second Circuit in Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001), cert. denied sub nom. Fischer v. Zarvela, 534 U.S. 1015 (2001)."  Powell v. Kaplan, No. 12-CV-0954, 2016 WL 2925979, at *10 (W.D.N.Y. May 19, 2016).  Under Rhines, a stay is appropriate if the district court determines that "(1) good cause exists for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not 'plainly meritless'; and (3) the petitioner has not engaged in intentionally dilatory tactics."  Clarke v. Griffin, No. 13-CV-4812, 2016 WL 206476, at *3 (S.D.N.Y. Jan. 14, 2016) (quoting Ortiz v. Heath, No. 10-CV-1492, 2011 WL 1331509, at *14 (E.D.N.Y. Apr. 6, 2011)).

As a preliminary matter, Petitioner has not provided any explanation as to why he "has not yet instituted a coram nobis proceeding.  Thus, [he] cannot establish 'good cause' for failing to exhaust [his] proposed ineffective assistance claims."  Powell, 2016 WL 2925979, at *10; Redd v. Woughter, No. 09-CV-9819, 2010 WL

2

4983169, at *1 (S.D.N.Y. Dec. 3, 2010) (finding the petitioner did not show "good cause because the petitioner has not provided any reason for not exhausting his ineffective assistance of appellate counsel claim before bringing his current petition"); Scott v. Phillips, No. 05-CV-0142, 2007 WL 2746905, at *6 (E.D.N.Y. Sept. 19, 2007) (finding no good cause when "actions of [ ] appellate counsel [did] not explain [the petitioner's] failure to file a petition for a writ of error coram nobis asserting ineffective assistance of appellate counsel").

Further, courts have concluded that "ineffective assistance of [appellate] counsel suffices to show good cause" reasoning that an "appellate attorney cannot be expected to raise his own ineffective assistance on appeal." Wallace v. Artus, No. 05-CV-0567, 2006 WL 738154, at *4 (S.D.N.Y. Mar. 23, 2006) (internal quotation marks and citation omitted) (collecting cases). While "[t]his reasoning may well excuse the failure to raise such a claim on direct appeal, [ ] it should not be extended to allow a petitioner to sit on his rights not only for several months before filing a federal habeas petition but also for several more months after the habeas proceeding is commenced." Davidson v. Capra, No. 15-CV-9840, 2016 WL 4719685, at *4 (S.D.N.Y. Sept. 9, 2016) (collecting cases), R&R Adopted, 2016 WL 6248449 (S.D.N.Y. Oct. 26, 2016). Here, Petitioner requested a stay and abeyance on or around September 10, 2020, nearly nine months after commencing

3

this action, three months after Respondent filed its opposition, nearly two and a half years after appellate counsel filed an appellate brief, and approximately one and a half years after the Second Department issued a decision affirming Petitioner's judgment of conviction and modifying his sentence. (See Petition, D.E. 1; Resp. Opp.; App. Br., dated May 1, 2018, D.E. 9-5); People v. Leftenant, 104 N.Y.S. 3d 162 (2d Dep't 2019). Thus, Petitioner has "failed to demonstrate 'good cause' for his failure to exhaust." Davidson, 2016 WL 4719685, at *4. Because Defendant failed to show "good cause," the Court need not consider whether the claims he seeks to exhaust are 'plainly meritless' or whether [he] engaged in deliberate delay." Id. (citation omitted).

Even if the Court considered the merits of the unexhausted claims of ineffective assistance of appellate counsel, a stay is unwarranted because the claims are "plainly meritless." Indeed, the Second Department rejected Petitioner's argument regarding the sufficiency of the evidence finding that the evidence at trial established "beyond a reasonable doubt, the defendant's guilt of" the crimes charged. Leftenant, 104 N.Y.S.3d at 163. Moreover, Petitioner's claim that appellate counsel was ineffective for failing to argue that his statements should have been suppressed is without merit because those statements were never introduced at trial. (Trial Tr., D.E. 9-2, at 20:7-11.) In any event, the Second Department rejected Petitioner's argument,

to the extent asserted, that he should have been able to confront the detective who took those statements. Leftenant, 104 N.Y.S.3d at 164 (stating trial counsel "was not ineffective for failing to call as a witness a detective who participated in the defendant's interrogation" because "the prosecution did not utilize the defendant's statements to the police at trial" and thus, "there was no compelling reason to call the detective as a defense witness"). "Since Petitioner [ ] raised these assertions as part of his direct appeal and the Appellate Division affirmed his conviction, there is no reasonable possibility that if appellate counsel had raised these assertions of ineffective assistance of counsel on direct appeal, the result of Petitioner's appeal would have been different." Sweeney v. Laffin, No. 12-CV-6483, 2016 WL 9736116, at *8 (S.D.N.Y. Aug. 8, 2016), R&R Adopted, 2017 WL 4342138 (S.D.N.Y. Sept. 28, 2017). Accordingly, Petitioner's ineffective assistance of appellate counsel claims are without merit and his request for a stay is DENIED.

Petitioner also seeks to amend his Petition to include unexhausted claims of ineffective assistance of appellate counsel. (See Mot.) "[T]he Court's refusal to grant a stay necessarily means that it would be futile to grant Petitioner's request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief." Carr v. Graham, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) (citing 28 U.S.C. §

2254(b)(2)) (further citation omitted). Therefore, Petitioner's request to amend the petition is DENIED as futile. <u>Powell</u>, 2016 WL 2925979, at *11 (citing <u>Richardson Greenshields Sec., Inc. v. Lau</u>, 825 F.2d 647, 653 n.6 (2d Cir. 1987)).

<u>CONCLUSION</u>

        Petitioner's motion for a stay (D.E. 12) is DENIED and the motion for an extension of time to file a reply (D.E. 11) is GRANTED.  Petitioner shall file a reply in support of his habeas petition, if any, within 45 days after his receipt of this Order. The Clerk of the Court is respectfully directed to mail a copy of this Order to the <u>pro se</u> Petitioner.


                                    SO ORDERED.


                                    /s/ JOANNA SEYBERT
                                    Joanna Seybert, U.S.D.J.


Dated:     October  27  , 2020
           Central Islip, New York


6